UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ELIZABETH BROKAMP,

                    *Plaintiff,*

v.                                                    No. 1:21-cv-00389-DNH-ATB

LETITIA JAMES; BETTY ROSA;
NEW YORK STATE EDUCATION
DEPARTMENT BOARD OF REGENTS;
NEW YORK STATE BOARD OF
MENTAL HEALTH PRACTITIONERS;
and THOMAS BIGLIN, HELENA BOERSMA,
SARGAM JAIN, RENE JONES, SUSAN L.
BOXER KAPPEL, SARA LIN FRIEDMAN
MCMULLIAN, RODNEY MEANS, TIMOTHY
MOONEY, ANGELA MUSOLINO,
MICHELE LANDERS MEYER,
NATALIE Z. RICCIO, HOLLY VOLLINK-LENT,
JILL R. WELDUM, SUSAN WHEELER WEEKS,

                    *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

INSTITUTE FOR JUSTICE            JEFFREY REDFERN, ESQ.
*Attorneys for Plaintiff*           ROBERT JOHNSON, ESQ.
901 N. Glebe Road, Suite 900     ROBERT McNAMARA, ESQ.
Arlington, VA 22203              ALAN J. PIERCE, ESQ.

HON. LETITIA JAMES              MARK G. MITCHELL, ESQ.
Attorney General for the State of New York   Ass't Attorney General
*Attorneys for Defendants*
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Elizabeth Brokamp ("Brokamp" or "plaintiff") brings this action against defendants Letitia James, in her official capacity as Attorney General of the State of New York (the "Attorney General"), Betty Rosa, in her official capacity as the New York State Commissioner of Education (the "Education Commissioner"), the New York State Education Department Board of Regents (the "Board of Regents"), the New York State Board of Mental Health Practitioners (the "Board of Mental Health Practitioners"), and the following individuals sued in their official capacity as members of the Board of Mental Health Practitioners: Thomas Biglin, Helena Boersma, Sargam Jain, Rene Jones, Susan L. Boxer Kappel, Sara Lin Friedman McMullian, Rodney Means, Timothy Mooney, Angela Musolino, Michele Landers Meyer, Natalie Z. Riccio, Holly Vollinik-Lent, Jill R. Weldum, and Susan Wheeler Weeks (the "Mental Health Board defendants" and, together with the Attorney General, the Education Commissioner, the Board of Regents, and the Board of Mental Health Practitioners, "defendants").

Plaintiff, a Virginia-licensed professional counselor, seeks a declaratory judgment providing that N.Y. Educ. Law sections 8402-8405 violate the First and Fourteenth Amendments to the United States Constitution.  Plaintiff also seeks a permanent injunction prohibiting defendants and their agents

from applying New York's licensing requirements for mental health counselors to prevent plaintiff from providing teletherapy services to New York residents.  Defendants have moved to dismiss the complaint in its entirety and against all defendants under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).  The motion having been fully briefed, the Court will now consider it on the basis of the parties' submissions without oral argument.

## II.  BACKGROUND

### A. Brokamp and her Counseling Services

Brokamp is a Virginia-licensed professional counselor with over twenty years' experience.  Dkt. 24 ("Am. Compl.") ¶ 1.  Professional counselors like plaintiff "talk to their clients about their feelings, their relationships, and their lives."  *Id.* ¶ 1.  Her services consist entirely of conversations with her clients; plaintiff does not prescribe any medication or conduct medical procedures.  *Id.* ¶¶ 28-29.

Brokamp provides counseling out of her home in Virginia, but she has moved all her counseling online due to the COVID-19 pandemic.  Am. Compl. ¶ 8.  While her move online was initially driven by the pandemic, plaintiff has found that this arrangement is beneficial for clients because it allows them to seek out help without making a trip to her office.  *Id.* ¶ 25.

3

Consequently, plaintiff intends to continue providing online teletherapy for the indefinite future, including after the pandemic is over.  *Id*. ¶ 23.

During the pandemic, one of Brokamp's clients relocated to New York.  Am Compl. ¶ 36.  As explained below, New York temporarily suspended its requirement that out-of-state counselors obtain New York counseling licenses before providing teletherapy to New York residents, so plaintiff was able to continue counseling her client for a time.  *Id*.

Another of Brokamp's former clients who lives in New York also contacted her seeking to resume therapy.  Am. Compl. ¶ 39.  Concerned that she may have to terminate therapy with this client when New York's licensing exemption expired, plaintiff felt ethically obligated to turn this individual down.  *Id*.

**B. New York's Licensing Requirement and Enforcement**

N.Y. Educ. Law § 6512(1) makes it a felony to practice certain professions without a license issued by the New York State Education Department (the "Education Department").  One such profession this statute covers is "mental health counseling."[1]

---

[1] N.Y. Educ. Law § 8402(1) defines "mental health counseling" as: (a) the evaluation, assessment, amelioration, treatment, modification, or adjustment to a disability, problem, or disorder of behavior, character, development, emotion, personality or relationships by the use of verbal or behavioral methods with individuals, couples, families or groups in private practice, group, or organized settings; and (b) the use of assessment instruments and mental health counseling and psychotherapy to identify, evaluate and treat dysfunctions and disorders for purposes of providing appropriate mental health counseling services.

To obtain a mental health counseling license, one must satisfy several requirements, which include passing an exam, completing an internship and supervised experience, obtaining a master's degree or higher, and paying a fee.  N.Y. Educ. Law § 8402(3).  In addition, New York's licensing laws contain various exemptions, which allow certain professions to provide services falling within the definition of "mental health counseling" without obtaining a mental health counselor license.  *See* N.Y. Educ. Law § 8410.[2]

Early in the COVID-19 pandemic, New York issued an executive order temporarily suspending its requirement that out-of-state counselors obtain New York licenses before providing teletherapy to New York residents, so Brokamp was able to continue counseling her New York clients.  *See* Am. Compl. ¶ 36 (citing N.Y. Exec. Ord. 202.15).  On March 9, 2020, the Board of Mental Health Practitioners confirmed to plaintiff that, after N.Y. Exec. Ord. 202.15 expired, she would no longer be able to provide teletherapy to New York residents.  *Id*. ¶ 38.  On June 25, 2021, a subsequent executive order, N.Y. Exec. Ord. 210, confirmed that N.Y. Exec. Ord. 202.15 expired.

---

[2] For instance, "attorneys, rape crisis counselors, certified alcoholism counselors and certified substance abuse counselors" may "provid[e] mental health services within their respective established authorities."  N.Y. Educ. Law § 8410(2).  Similarly, "member[s] of the clergy or Christian Science practitioner[s]," may provide "pastoral counseling services" if such services are "within the context of his or her ministerial charge or obligation."  *Id*. § 8410(4).

### III. <u>LEGAL STANDARD</u>

#### 1. **Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court … may refer to evidence outside the pleadings." *Id.* at 113. Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the motion court must address the 12(b)(1) motion first." *Hartwick v. Annucci*, 2020 WL 6781562, at *4 (N.D.N.Y. Nov. 18, 2020).

#### 2. **Failure to State a Claim**

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he complaint must contain sufficient factual matter that it presents a claim to relief that is plausible on its face." *Hartwick*, 2020 WL 6781562, at *4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

6

In assessing the plausibility of the plaintiff's complaint, "the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor." *Ginsburg*, 839 F. Supp. 2d at 540 (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).  A plaintiff may support her complaint with "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

## IV. <u>DISCUSSION</u>

In her Amended Complaint, Brokamp advances three causes of action: (i) an as-applied First Amendment challenge; (ii) a facial First Amendment challenge; and (iii) an as-applied First & Fourteenth Amendment vagueness challenge.[3]

In response, defendants raise the following objections: (1) plaintiff lacks standing; (2) plaintiff's claims must be dismissed for lack of subject matter

---

[3] Plaintiff does not specify whether her vagueness challenge is as-applied or facial, but "[t]he label is not what matters." *Libertarian Party of Erie Cty. v. Cuomo*, 300 F. Supp. 3d 424, 438 (W.D.N.Y. 2018), *aff'd in part, appeal dismissed in part*, 970 F.3d 106 (2d Cir. 2020).  A claim is facial if it "challenges application of the law more broadly," but a "claim is as-applied if it is limited to a plaintiff's particular case." *Id.*  While plaintiff's prayer for relief seeks, in part, a declaration that N.Y. Educ. Law §§ 8402-8405 is unconstitutional, in substance plaintiff's vagueness claim and proposed remedies are tied to enforcement of New York's licensing regime as to her and to her specific injuries, not those more broadly experienced by others.  The Court therefore considers Count III an as-applied constitutional challenge.

jurisdiction because defendants have sovereign immunity; (3) the Attorney General is not a proper defendant in this action; and (4) plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted.

## A. **Standing**[4]

Defendants argue that Brokamp lacks standing over each of her claims. As to her as-applied claims, the Court agrees with defendants.

Standing limits the jurisdiction of federal courts to decide only actual "Cases" or "Controversies." *Smith v. Hochul*, 2021 WL 4972640, at *3 (N.D.N.Y. Oct. 26, 2021). To establish standing, a plaintiff must show: (1) an injury-in-fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury "will be redressed by a favorable decision." *Knife Rts., Inc. v. Vance*, 802 F.3d 377, 383 (2d Cir. 2015). If any of these three elements is missing, a federal court lacks jurisdiction to entertain the claim. *Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020).

---

[4] While defendants make their standing argument under Fed. R. Civ. P. 12(b)(6), "standing is at heart 'a jurisdictional prerequisite to a federal court's deliberations,' … and thus it is more appropriately analyzed under Rule 12(b)(1)." *See Disability Rights N.Y. v. N.Y.*, 2019 WL 2497907, at *4 n.2 (E.D.N.Y. Jun. 14, 2019) (citing *Thompson v. Cty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994)); *see also All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006) ("Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), the proper procedural route is a motion under Rule 12(b)(1)").

1.  **Plaintiff lacks standing to bring her as-applied First Amendment and Vagueness claims.**

(i)   <u>Plaintiff has not submitted to the challenged licensure requirement.</u>

"To establish standing to challenge an allegedly unconstitutional policy, a plaintiff must submit to the challenged policy." *Jackson-Bey v. Hanslmaier*, 115 F.3d 1091, 1096 (2d Cir. 1997).  However, a plaintiff may be excused from the threshold standing requirement that she submit to the challenged policy if she "makes a substantial showing that application for the benefit … would have been futile." *Id.*

Thus, when a plaintiff wishes to mount an as-applied First Amendment challenge to a licensing scheme in New York, she must either: (1) apply for a license under that scheme; or (2) make a "substantial showing" that submitting a licensing application "would have been futile." *See Prayze FM v. F.C.C.*, 214 F.3d 245, 251 (2d Cir. 2000) (citing *Jackson-Bey*, 115 F.3d at 1096).

Brokamp does not allege that she has applied for a license, nor does she allege that applying for a license would be futile.  Indeed, plaintiff concedes that she has no intention of applying to become a licensed mental health counselor in New York.  Am. Compl. ¶ 35.  Because plaintiff's alleged injuries result from her own decision to not apply for a license in New York, and she does not allege that obtaining a license would have been futile, she has failed

to satisfy a "threshold requirement for standing" on her as-applied claims.
*See Jackson-Bey*, 115 F.3d at 1096; *Prayze FM*, 214 F.3d at 251-52.

(ii)    <u>Plaintiff has not alleged a credible threat of prosecution.</u>

Brokamp also claims that because she faces the threat of prosecution if she engages in unlicensed counseling services, she is not required to subject herself to the licensing requirement before she can challenge it.

Where a plaintiff "asserts injury based on the threat of prosecution, [she] need not expose [herself] to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced." *Adam v. Barr*, 792 F. App'x 20, 21 (2d Cir. 2019) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 (2007)) (internal quotations omitted). Such preenforcement review is "available where the 'circumstances … render the threatened enforcement sufficiently imminent.'" *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)).

"To sufficiently allege standing on [her] preenforcement claim, Plaintiff must … allege both a concrete intention to violate the law and the credible threat of prosecution if [she] were to do so." *Smith*, 2021 WL 4972640, at *8 (citing *Adam v. Barr*, 2019 WL 1426991, at *3 (S.D.N.Y. Mar. 29, 2019)); *see also Adam*, 792 F. App'x at 22 ("A sufficiently imminent injury can be established by plausible allegations that a plaintiff intends to engage in conduct proscribed by a statute, and 'there exists a credible threat of

10

prosecution thereunder'").  "A credible threat is not established by 'imaginary or speculative' fears of prosecution." *Adam*, 792 F. App'x at 22.  "Although courts are generally willing to presume that the government will enforce the law as long as the relevant statute is recent and not moribund, the mere existence of a law prohibiting intended conduct does not automatically confer Article III standing." *Id.* (cleaned up).

Brokamp fails to allege either a concrete intention to violate the law or a credible threat of prosecution.  If anything, plaintiff seems to concede that she intends to *follow* the law, not violate it.  *See, e.g.,* Am. Compl. ¶¶ 39, 68.

Even assuming *arguendo* that Brokamp had alleged a concrete intention to violate the law, she also fails to allege a credible threat of prosecution. Although plaintiff notes that the Attorney General has the power to enforce New York's professional licensing regime through prosecution, Am. Compl. ¶ 9, and that she faces a "threat of felony prosecution," *id.* ¶ 77, she has not alleged facts which particularize such enforcement as to her.  Any alleged injury is, at best, "conjectural or hypothetical." *See Adam*, 792 F. App'x at 21, 23 (holding that, where plaintiff would simply be at risk of prosecution like any other person who might violate the law at issue, enforcement was not particularized as to him); *compare Knife Rts.*, 802 F.3d at 385–87 (holding that fear of prosecution was not conjectural or hypothetical "given that defendant [prosecutor] recently identified [plaintiff]

as a [state criminal law] violator and pursued enforcement action against it").[5]

In sum, alleging that she will be prosecuted for providing counseling services without a license because doing so is against N.Y. Educ. Law ¶ 6512(1), without more, fails to demonstrate a credible threat of prosecution.  Any alleged injury based on threat of enforcement against plaintiff for counseling without a license is insufficiently imminent to confer standing.  Accordingly, plaintiff lacks standing over her as-applied claims, and Counts I and III of her Amended Complaint will be dismissed.

### 2. Plaintiff has standing to bring her facial First Amendment claim.

"A speaker subject to licensure has standing to make a facial [First Amendment] challenge without the necessity of first applying for, and being denied, a license when the [licensing] scheme allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity." *Prayze FM*, 214 F.3d at 252 (citing *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 755-56 (1988)) (cleaned up).  Such a speaker can also bring a facial challenge to a regulation that "purport[s] to

---

[5] Moreover, plaintiff has not made any allegations concerning the past or present enforcement of N.Y. Educ. Law ¶ 6512(1) from which a credible threat of prosecution against her could be inferred. *See Susan B. Anthony List*, 573 U.S. at 164 (considering history of past enforcement of a statute against the plaintiff, for the same conduct, as being good evidence that "the threat of enforcement is not 'chimerical'")

regulate the time, place, and manner of expressive or communicative conduct" on the ground that it is not sufficiently narrowly tailored.  *Id.* (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)).

Brokamp alleges that "New York's mental health counseling licensing law is substantially overbroad, as it sweeps in significant amounts of speech that New York has no conceivable interest in regulating."  Am. Compl. ¶ 94.  This is akin to alleging that the statute is not sufficiently narrowly tailored, and is sufficient to give plaintiff standing over her facial First Amendment challenge.  *See Prayze FM*, 214 F.3d at 252 (finding plaintiff had standing to raise facial challenge to licensing scheme where its "narrow tailoring challenge to the licensing scheme … [was] analogous to … a challenge to a time, place, or manner regulation").

### B. <u>Sovereign Immunity</u>

Defendants argue that Brokamp's claims must be dismissed for lack of subject matter jurisdiction because they have sovereign immunity.  With respect to the Board of Regents and Board of Mental Health Practitioners, the Court agrees.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

13

State." *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (citing U.S. Const. amend. XI).  The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such a suit or an express statutory waiver of immunity.  *See Brown v. New York*, 975 F. Supp. 2d 209, 221 (N.D.N.Y. 2013) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 92-100 (1984)).  Although the plaintiff generally bears the burden of proving subject matter jurisdiction, the entity claiming Eleventh Amendment immunity bears the burden of proving such immunity.  *Id*. at 221.

New York has not waived its sovereign immunity for 42 U.S.C. § 1983 claims.  *See Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999).  Moreover, it is well-settled that states and their officials acting in their official capacities are not "persons" under § 1983 and, therefore, Eleventh Amendment immunity is not abrogated by that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Similarly, 28 U.S.C. § 1343, has no effect on sovereign immunity, and the bare fact that a case implicates a federal question under 28 U.S.C. § 1331 does not override state sovereign immunity.  *See Sierotowicz v. State of New York Div. of Hous. & Cmty. Renewal*, 2005 WL 1397950, at *1 (E.D.N.Y. June 14, 2005).

### 1. Claims against the Board of Regents and Board of Mental Health Practitioners

Regardless of the type of relief Brokamp seeks, the Eleventh Amendment bars this Court from assuming jurisdiction over her claims asserted against the Board of Regents and Board of Mental Health Practitioners, which are New York state agencies.  New York has neither waived its sovereign immunity for § 1983 claims, *see Jones*, 166 F.3d at 49, nor has Congress overridden Eleventh Amendment immunity, *see Will*, 491 U.S. at 71.  The other statutes plaintiff references in her Amended Complaint likewise fail to abrogate New York's sovereign immunity.

Accordingly, Brokamp's claims against the Board of Regents and Board of Mental Health Practitioners will be dismissed.  *See Roberts v. New York*, 911 F. Supp. 2d 149, 159-60 (N.D.N.Y. 2012) (dismissing claims against state of New York and various state agencies for lack of subject matter jurisdiction based upon Eleventh Amendment); *see also Brown*, 975 F. Supp. 2d at 221 (same).

### 2. Claims against the Attorney General, the Education Commissioner, and the Mental Health Board Defendants in their official capacities

Brokamp also asserts claims against the Attorney General, the Education Commissioner, and the Mental Health Board defendants in their official capacities.  Actions for damages against state officials in their official

capacities are essentially actions against the state itself, and the Eleventh

Amendment will bar these actions unless: (1) Congress has abrogated

immunity; (2) the state has consented to suit; or (3) the *Ex parte Young*

doctrine applies.  *See Will*, 491 U.S. at 71.  As noted, New York has not

consented to suit and Congress has not abrogated Eleventh Amendment

immunity.  However, defendants' motions to dismiss present issues involving

the *Ex parte Young* doctrine.

    *Ex parte Young* established an exception to state sovereign immunity in

federal actions where an individual brings an action seeking injunctive relief

against a state official for an ongoing violation of law or the Constitution.  *See*

209 U.S. 123, 160 (1908).  The *Ex parte Young* doctrine provides "a limited

exception to the general principle of sovereign immunity [that] allows a suit

for injunctive relief challenging the constitutionality of a state official's

actions in enforcing state law under the theory that such a suit is not one

against the State, and therefore not barred by the Eleventh Amendment."

*Ford v. Reynolds*, 316 F.3d 351, 354-55 (2d Cir. 2003).  Under the doctrine, a

plaintiff may bring a claim against a state official in his or her official

capacity, notwithstanding the Eleventh Amendment, when she: (1) alleges an

ongoing violation of federal law; and (2) seeks relief properly characterized as prospective.[6]  *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007).

First, the Court must consider whether Brokamp alleges an ongoing violation of federal law.  "The inquiry for determining whether an 'ongoing violation' exists is, 'does the enforcement of the law amount to a continuous violation of [plaintiff's] constitutional rights or a single act that continues to have negative consequences for [plaintiff].'"  *Brown*, 975 F. Supp. 2d at 223 (citing *N.J. Educ. Ass'n v. N.J.*, 2012 WL 715284, at *4 (D.N.J. Mar. 5, 2012)). If the former is true, plaintiff will satisfy the first prong of *Ex parte Young*, *see id*; if the latter is true, the Eleventh Amendment will bar plaintiff's claim, *see N.J. Educ. Ass'n*, 2012 WL 715284, at *4.

Brokamp alleges that the Attorney General, Education Commissioner, and Board of Mental Health Practitioners (of which the Mental Health Board defendants are members) are statutorily responsible for either enforcing or administering New York's licensing requirements, *see* Am. Compl. ¶¶ 9, 10, 12, 13, and that these requirements are unconstitutional, *see generally id*. ¶¶ 78-112.  These allegations are sufficient to satisfy the first prong of *Ex*

---

[6] While retrospective relief is "measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials," prospective relief "includes injunctive relief that bars a state actor from engaging in certain unconstitutional acts or abates ongoing constitutional violations as well as the payment of state funds 'as a necessary consequence of compliance in the future with a substantive federal-question determination.'"  *Brown*, 975 F. Supp. 2d at 222-23 (citing *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)).

*parte Young*.  *See Brown*, 975 F. Supp. 2d at 223 ("[a]n allegation that state officials are enforcing a law in contravention of controlling federal law is sufficient to allege an ongoing violation for the purposes of *Ex parte Young*") (citing *Chester Bross Const. Co. v. Schneider*, 886 F. Supp. 2d 896, 905 (C.D. Ill. 2012)).

Second, the Court must determine whether Brokamp seeks prospective relief.  As defendants acknowledge, *Ex parte Young* allows federal courts to entertain suits against state officials in their official capacity where a plaintiff seeks injunctive or declaratory relief.  *See* 209 U.S. at 161.  While declaratory judgments form part of the injunctive relief that *Ex parte Young* allows for, such relief will not satisfy the second prong of the *Ex parte Young* analysis when it "would serve to declare only past actions in violation of federal law."  *Brown*, 975 F. Supp. 2d at 225 (citing *Tigrett v. Cooper*, 855 F. Supp. 2d 733, 744 (W.D. Tenn. 2012)).

In this case, Brokamp seeks a permanent injunction prohibiting defendants from applying New York's licensing requirements and an order declaring New York's licensing law for mental health counselors unconstitutional.  These requests are prospective and satisfy *Ex parte Young's* second prong.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2002) ("[plaintiff's] prayer for injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling

18

federal law—clearly satisfies our 'straightforward inquiry' [for an *Ex parte Young* analysis]"); *see also Brown*, 975 F. Supp. 2d at 226 (holding that plaintiffs' request for an order declaring statute unconstitutional sought prospective relief).

Accordingly, jurisdiction remains over Brokamp's facial First Amendment claim against the Attorney General, the Education Commissioner, and the Mental Health Board defendants in their official capacities.[7]

C. **Failure to State a Claim**

As noted *supra*, Brokamp lacks standing to bring her as-applied First Amendment and First and Fourteenth Amendment vagueness challenges. This leaves the Court to consider whether plaintiff's facial First Amendment challenge states a claim upon which relief can be granted against the remaining defendants.

Brokamp alleges that "New York's mental health counseling licensing law is substantially overbroad, as it sweeps in significant amounts of speech that New York has no conceivable interest in regulating." Am. Compl. ¶ 94.  In

---

[7] The Attorney General also asserts that she is not a proper defendant in this action because she has no enforcement powers under the statutes at issue.  However, as plaintiff correctly points out, the statute at issue in this case mandates that the "attorney general shall prosecute such alleged [violations of N.Y. Educ. Law §§ 6512-6513] in the name of the state."  N.Y. Educ. Law § 6514(2). N.Y. Educ. Law § 6512(1) makes it a felony to practice mental health counseling without a license issued by the Department of Education.  *Id*. § 6512(1).  Thus, the Attorney General has a connection to the enforcement of the licensing laws at issue, not simply a general duty to execute them, and is a proper defendant.  *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005) ("Under *Ex parte Young*, the state officer against whom a suit is brought 'must have some connection with the enforcement of the act' that is in continued violation of federal law").

other words, plaintiff's facial First Amendment challenge is an overbreadth claim, which presents a steep hurdle: "[i]nvalidation for overbreadth is a 'strong medicine' that is not to be 'casually employed.'" *United States v. Williams*, 553 U.S. 285, 293 (2008).[8]

"In order to prevail on an overbreadth challenge, 'the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.'" *Farrell v. Burke*, 449 F.3d 470, 499 (2d Cir. 2006) (citing *Broadrick*, 413 U.S. at 615). "An overbreadth challenger 'must demonstrate from the text of [the law] and from actual fact that a substantial number of instances exist in which the [l]aw cannot be applied constitutionally.'" *Sibley v. Watches*, 501 F. Supp. 3d 210, 223 (W.D.N.Y. 2020) (citing *United States v. Thompson*, 896 F.3d 155, 163 (2d Cir. 2018)). This substantiality standard is "'vigorously enforced,' and because the overbreadth doctrine's purpose is to prevent the chilling of protected speech, '[r]arely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or

---

[8] In the same claim, plaintiff also alleges that New York's licensing laws are "significantly underinclusive." *See, e.g.*, Am. Compl. ¶ 99. While a law's "underinclusivity" may raise a "red flag," the Court notes that "the First Amendment imposes no freestanding underinclusiveness limitation," and a state "need not address all aspects of a problem in one fell swoop; policymakers may focus on their most pressing concerns." *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 449 (2015).

demonstrating)." *Id.* (citing *Virginia v. Hicks*, 539 U.S. 113, 124 (2003)) (internal citations omitted).

Brokamp's allegations do not support an overbreadth challenge.  First, plaintiff fails to adequately allege New York's licensing scheme will chill protected speech.  While certain of plaintiff's allegations may suggest New York's licensing requirements could have a chilling effect on *her own* future conduct, *see, e.g.,* Am. Compl. ¶¶ 39, 68, 72-73, she does not allege that these requirements will chill conduct more broadly.

Thus, Brokamp has not shown New York's licensing laws "will have a *substantial* chilling effect on protected conduct."  *Farrell*, 449 F.3d at 497 (emphasis added); *see also Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800-01 (1984) ("the mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge…there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court"); *Sibley*, 501 F. Supp. 3d at 224 (finding allegation that challenged statute would chill plaintiff's *own* future protected conduct was insufficient to state a facial overbreadth challenge).

Second, even assuming Brokamp's allegations were sufficient to establish a chilling effect, she also fails to show that any effect would be substantial as

compared to New York's plainly legitimate interest in protecting the public through regulation of mental health counselor licensing. This would have been enough to warrant dismissal on its own. *See Bobbit v. Marzan*, 2017 U.S. Dist. LEXIS 161478, *63 (S.D.N.Y. Sep. 28, 2017) (dismissing overbreadth challenge because any alleged burden on First Amendment rights was "outweighed by the law's legitimate purpose"); *United States v. Hashmi*, 2009 WL 4042841, *10 (S.D.N.Y. Nov. 18, 2009) ("Even if it were shown that the law affects some activity that otherwise receives First Amendment protection, [plaintiff] does not show that these potential interferences are substantial in view of the law's legitimate purpose").

Brokamp has failed to demonstrate that New York's licensing scheme is overbroad, let alone substantially so in relation to New York's legitimate interest in establishing standards for professional licensure. Plaintiff's facial First Amendment claim will be dismissed for failure to state a claim.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Defendants' motions to dismiss are GRANTED; and

2. Plaintiff's Amended Complaint is DISMISSED.

The Clerk is directed to enter judgment accordingly and close the file

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  November 22, 2021
        Utica, New York.